# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-454V
Filed: February 15, 2018
UNPUBLISHED

| | |
|---|---|
| DUSTIN MOBLEY,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 29, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury caused by his November 11, 2015 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 13, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On February 15, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $87,500.00 for actual and projected pain and suffering and $620.00 for past unreimbursable medical expenses for a total award of $88,120.00. Proffer at 1-2. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $88,120.00, representing compensation for pain and suffering ($87,500) and past unreimbursable expenses ($620.00), in the form of a check payable to petitioner, Dustin Mobley.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| DUSTIN MOBLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 17-454V <br> Chief Special Master Dorsey <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 29, 2017, Dustin Mobley ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a left shoulder injury that was "actually caused, or, alternatively, significantly aggravated" by an influenza ("flu") vaccine administered on November 11, 2015. Petition at ¶¶ 1, 9. On November 13, 2017, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day. ECF No. 20; ECF No. 21.

**I.   Items of Compensation**

   A.   Pain and Suffering

Respondent proffers that Dustin Mobley should be awarded $87,500.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents Dustin Mobley's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $620.00, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Dustin Mobley should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $88,120.00, representing compensation for pain and suffering ($87,500.00), and past unreimbursable expenses ($620.00), in the form of a check payable to petitioner, Dustin Mobley.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Dustin Mobley:                **$88,120.00**

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                                      ALEXIS B. BABCOCK
                                      Assistant Director
                                      Torts Branch, Civil Division

                                      s/ Sarah C. Duncan
                                      Sarah C. Duncan
                                      Trial Attorney
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      P.O. Box 146
                                      Benjamin Franklin Station
                                      Washington, D.C. 20044-0146
                                      Tel: (202) 514-9729
                                      Fax: (202) 616-4310

DATED: February 15, 2018